UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HICKSVILLE WATER DISTRICT,

            Plaintiff,

  -against-                                REPORT AND
                                                  RECOMMENDATION
ALSY MANUFACTURING, INC., *et al*,         23 CV 6336 (GRB) (RML)

            Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated March 25, 2024, the Honorable Gary R. Brown, United States District Judge, referred defendant Air Techniques, Inc.'s ("Air Techniques") and defendants and third-party plaintiffs Osram Sylvania Products, Inc., GTE Corporation, and GTE Operations Support Incorporated's (collectively, the "GTE Sylvania defendants") requests to approve their respective proposed dismissal orders to me for report and recommendation. For the reasons stated below, I respectfully recommend that the proposed dismissal order filed by Air Techniques be approved and that the proposed dismissal order filed by the GTE Sylvania defendants be denied with leave to modify.

## BACKGROUND

        Plaintiff commenced this action on June 30, 2023 against defendants for contamination of its water supply wells by hazardous substances. (See generally Complaint, dated June 30, 2023, Dkt. No. 1-2.) On March 19, 2024, Air Techniques reported that it had reached a settlement with plaintiff in this action as well as in the parallel action brought by plaintiff before the Honorable Pamela K. Chen, United States District Judge, alleging contamination of plaintiff's water supply wells by 1,-4 Dioxane (the "Dioxane Action"). (See Motion to Dismiss by Air Techniques, Inc., dated Mar. 19, 2024 ("Mot. to Dismiss"), Dkt. No.

57, at 1.)  In light of the settlement agreement, Air Techniques now requests that the court enter its proposed order of voluntary dismissal which includes "a limited 'carve out' and reservation for contractual rights of indemnification of Air Techniques against the [GTE Sylvania defendants] stemming from written indemnity agreements."  (Id. at 2; see also Proposed Order of Dismissal of Defendant Air Techniques, attached as Ex. 1 to the Mot. to Dismiss, filed Mar. 19, 2024 ("Air Techniques Proposed Order"), Dkt. No, 57-1, ¶¶ 2, 3.)  Prior notice of the request was circulated to all counsel for the remaining defendants by Air Techniques to ascertain whether they opposed the terms of the proposed order.  (Mot. to Dismiss at 2-3.)  At the time the proposed order was filed with the court, no defendant had objected.  (Id. at 3.)

On March 21, 2024, the GTE Sylvania defendants indicated that they had also reached a settlement agreement with plaintiff in this and the Dioxane Action.  (See Letter Regarding "Proposed" Order Dismissing GTE Sylvania Defendants from the Action, dated Mar. 21, 2024, Dkt. No. 58, at 1.)  The GTE Sylvania defendants now request that the court enter their proposed order of dismissal.  (Id. at 2.)  The proposed order of dismissal was circulated to all parties by the GTE Sylvania defendants.  (Id.)  Air Techniques objected to the proposed order and requested that the GTE Sylvania defendants include an express carve out of Air Techniques' contractual claims for indemnification against the GTE Sylvania defendants to align with Air Techniques' proposed dismissal order.  (Id.)  The GTE Sylvania defendants declined to do so because "the alleged contractual indemnification claims were not asserted by Air Techniques in this action and are not before this Court."  (Id.)

## DISCUSSION

"Federal courts may approve private-party [Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA")] settlements barring contribution

2

claims against the settling defendant." Garrison Southfield Park LLC v. Closed Loop Refining & Recovery, Inc., No. 17 CV 783, 2021 WL 4397865, at *13 (S.D. Ohio Sept. 27, 2021). A settlement in the context of CERCLA must be procedurally and substantively fair. See 55 Motor Ave. Co. v. Liberty Indus. Finishing Corp., 332 F. Supp. 2d 525, 530 (E.D.N.Y. 2004) ("The fairness of a CERCLA settlement is judged in both procedural and substantive terms.") (citing United States v. Cannons Eng'g Corp., 899 F.2d 79, 86-89 (1st Cir. 1990)). "Contribution bars in private-party settlements rest on equitable considerations and ultimately fall within the overall substantive fairness analysis." Garrison Southfield Park, 2021 WL 4397865, at *14. "A settlement is substantively fair when it effectively achieves 'corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible.'" 55 Motor Ave. Co., 332 F. Supp. 2d at 530-31 (quoting Cannons Eng'g Corp., 899 F.2d at 87). Notably, "[t]he scope of the fairness considerations extends beyond the interests of the settling parties." King County v. IKB Deutsche Industriebank AG, No. 09 CV 8387, 2012 WL 3114930, at *2 (S.D.N.Y. Aug. 1, 2012). "Where the rights of third parties are affected[,] [] their interests too must be considered." Id. (quoting In re Masters Mates & Pilots Pension Plan & IRAP Litig., 957 F.2d 1020, 1026 (2d Cir. 1992)).

    Here, "[w]hile contribution bars are key tools for incentivizing settlement in CERCLA cases—and while ensuring prompt remediation of the hazardous waste [at issue in this case] is paramount"—by their proposed dismissal order, the GTE Sylvania defendants essentially "ask the Court to exceed the bounds of substantive fairness in extinguishing [their] contractual obligations[, if any,] to [Air Techniques,]" Garrison Southfield Park, 2021 WL 4397865, at *13, or, at a minimum, to create unnecessary ambiguity about whether, despite settling with plaintiff, Air Techniques has reserved any right to indemnification it might have against the GTE Sylvania

3

defendants.  Like the relevant parties in Garrison Southfield Park, Air Techniques and the GTE Sylvania defendants "privately allocated liability risks in a bargained-for exchange on top of those risks existing in statute and the common law."  2021 WL 4397865, at *14.  "It would be patently unfair to relieve [the GTE Sylvania defendants] of [their] contractual duties[, if any,] through a private settlement with [plaintiff,] a non-party to those contracts [that does not include Air Techniques.]"  Id.; see also United States v. Hardy, No. 90 CV 695, 1992 WL 439759, at *2 (W.D. Ky. Sept. 9, 1992) ("[N]othing in the [CERCLA] operates to prevent enforcement of contractual indemnification rights against settling parties.  If a party has a contractual agreement for indemnification, it will not be deprived of protection 'bought and paid for.'") (citation omitted); City of San Diego v. Nat'l Steel & Shipbuilding Co., No. 09 CV 2275, 2014 WL 3489282, at *20 (S.D. Cal. July 10, 2014) (applying the Uniform Comparative Fault Act and determining that claims for express breach of contract were excluded from the contribution bar in the CERLCA settlement).

As noted by Judge Chen in her decision in the Dioxane Action regarding an apparently identical dispute, "the Court is cognizant of the possibility that asking the GTE Sylvania Defendants to include languages acknowledging Air Techniques' reservation of contractual indemnification rights 'may disincentivize [the GTE Sylvania Defendants] from settling,' which may 'cut[] against CERCLA's goal of encouraging prompt settlement,' and of 'the very real environmental consequences that come with delaying the cleanup of the hazardous [] waste.'"  (See Order, dated Apr. 19, 2024, Dkt. No. 409 (quoting Garrison Southfield Park, 2021 WL 4397865, at *14).)  Nevertheless, "like the Garrison Southfield Park court, the Court 'cannot throw all considerations of fairness to [Air Techniques] out the window.'"  (Id.) "[A]pproving [the GTE Sylvania Defendants'] proposed [dismissal order with this language]

4

would allow [the GTE Sylvania Defendants] to cut and run—stripping [Air Techniques] of [its] bargained-for contractual rights while at the same time leaving [it] exposed to liability in this case solely because of those contracts." (Id.)

Furthermore, Air Techniques indicates that

> [t]he requested Order of Voluntary Dismissal, including the reservation of contractual rights in its paragraph 3, does not in any manner ask this Court to determine whether or not the GTE [Sylvania defendants] are ultimately obligated to defend and indemnify Air Techniques under the contractual agreements (which in fact provide for Arbitration of such claims in the event it cannot be resolved between the parties). It only requests that Air Techniques' claims under those agreements (i.e. for defense and indemnity) are reserved and not foreclosed by virtue of the settlement and Order of Voluntary Dismissal.

(Mot. to Dismiss at 4; see also Air Techniques Proposed Order ¶ 3.) As acknowledged by Judge Chen in the Dioxane Action, "it makes no logical sense to have only the indemnitee's—here, Air Techniques'—proposed order contain a reservation of its contractual indemnification rights against the GTE Sylvania Defendants and not have a parallel acknowledgement of that reservation in the indemnitors'[.]" (Order, dated Apr. 19, 2024, Dkt. No. 409, at 5.)

Finally, as Judge Chen also determined in the Dioxane Action, I find the GTE Sylvania defendants' assertions that Air Techniques' alleged contractual indemnification claims were not asserted in this action, are not before this court, and thus have no bearing on the GTE Sylvania defendants' request to be dismissed from this action to be unavailing. (See id.) Air Techniques' reservation of contractual indemnification rights against the GTE Sylvania defendants is inseparable from Air Techniques' settlement with plaintiff in this case, which the court is tasked with approving. (See id.)

## CONCLUSION

Based on the foregoing, and in order to fully protect Air Techniques' interests and achieve the protections sought by the GTE Sylvania defendants, I respectfully recommend that

5

the court (1) grant Air Techniques' motion and So-Order its proposed dismissal order; and (2) direct the GTE Sylvania defendants to modify their proposed dismissal order to include the same language concerning Air Techniques' reservation of contractual indemnification rights, if any, against the GTE Sylvania defendants to align with Air Techniques' proposed order. Any objection to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. Failure to file objections in a timely manner may waive a right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72.

        Respectfully submitted,

        /s/
        ROBERT M. LEVY
        United States Magistrate Judge

Dated: Brooklyn, New York
      April 23, 2024